

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MF GLOBAL HOLDINGS LTD.
INVESTMENT LITIGATION                                                MDL No. 2338

## TRANSFER ORDER

**Before the Panel:**[*] Defendants Jon Corzine, Bradley Abelow, Henri Steenkamp, and Laurie Ferber move to centralize this litigation in the Southern District of New York. The litigation presently comprises three actions – two actions pending in the Southern District of New York, and an action in the Northern District of Illinois, as listed on Schedule A.[1] The actions currently before the Panel are brought by investors in MF Global Holdings, Ltd., and related entities and holders of commodities futures customer accounts in MF Global, Inc. All actions share factual questions arising from the events surrounding the bankruptcy of MF Global Holdings, Ltd., and related entities and the reported shortfall of an estimated $1.6 billion in commodities futures customer accounts held by MF Global, Inc.

The positions of the parties vary somewhat. Commodities futures customer plaintiff in the Southern District of New York *Sapere CTA* commodities customer action opposes centralization entirely. Customer plaintiffs in the Northern District of Illinois action and a potential tag-along action pending there, as well as plaintiffs in a District of Montana potential tag-along action, oppose centralizing commodities customer actions with securities actions. These plaintiffs instead suggest centralization of commodities customer actions in their respective districts, the Northern District of Illinois or the District of Montana. Defendants Michael G. Stockman, Edith O'Brien and Christine A. Serwinski support the centralization of all actions in the Southern District of New York, as does defendant JP Morgan Chase & Co. Convertible notes underwriter defendants[2] and defendant Jefferies & Co. support centralization of the securities actions in the Southern District of New York. Lead

---

[*] Judge John G. Heyburn II took no part in the decision of this matter.

[1] Defendants' motion initially included twelve actions, eight of which were closed when the MF Global actions were consolidated in the Southern District of New York and an action in the Eastern District of Michigan, which has since been dismissed. In addition, the Panel has been notified of twelve potentially related actions pending as follows: nine actions pending in the Southern District of New York (several of which have been already been consolidated with the lead *DeAngelis* action), and an action each in the Northern District of Illinois, the District of Montana and the Eastern District of New York. These and any other related actions are potential tag-along actions. *See* Rules 1.1(h), 7.1, and 7.2.

[2] Bank Of America Corp.; CitiGroup Global Market, Inc.; Deutsche Bank & Securities Inc.; Goldman Sachs & Co.; J.P. Morgan Securities Inc.; Merrill Lynch, Pierce, Fenner & Smith Inc.; and RBS Securities Inc.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK

BY: *Shante Jones*
Deputy Clerk

- 2 -

plaintiffs in the Southern District of New York securities actions[3] support centralization of all actions in the Southern District of New York. Similarly, customer plaintiffs in the Southern District of New York *Kay P. Tee*, *Summit Trust*, *Marcin*, *Andrews*, *Paradigm Global* and *Wacker* consolidated potential tag-along actions support centralization of all actions in the Southern District of New York.[4]

The primary dispute in this litigation is whether actions brought by securities plaintiffs should be centralized with actions brought by commodities futures customers in the same MDL. Plaintiffs opposing centralization of all actions together argue that claims under securities laws are separate and distinct from customer claims brought pursuant to the Commodities Exchange Act, 7 U.S.C. § 1, *et seq.* and related claims. They argue, *inter alia*, that centralization of both types of claims will be inefficient and inevitably slow the progress of the customer actions. We are not persuaded that the differences between these two types of claims weigh against centralizing all actions in a single proceeding. This is primarily because all actions arise from the common factual backdrop of the demise of MF Global Holdings, Ltd., and related entities and the reported shortfall in MF Global, Inc., commodities futures customer accounts. All actions can be expected to focus on a significant number of common events, defendants, and witnesses. Where actions share factual questions, the Panel has long held that the presence of disparate legal theories is no reason to deny transfer. *See, e.g., Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litig.*, 560 F.Supp.2d 1371 (J.P.M.L. 2008). We typically refrain from establishing separate MDLs for different types of claims stemming from a common factual background or dictating the precise structure of an MDL's pretrial proceedings (such as coordinated proceedings as opposed to consolidated proceedings). Instead, our longstanding practice has been to leave the degree of coordination or consolidation of the different actions to the sound discretion of the transferee judge. *See, e.g., In re: Enron Corp. Sec., Derivative & ERISA Litig.*, 196 F.Supp.2d 1375, 1376 (J.P.M.L. 2002); *In re: Regions Morgan Keegan Sec., Derivative & ERISA Litig.*, 598 F.Supp.2d 1379, 1381 (J.P.M.L. 2009). We see no reason to depart from this practice in these circumstances.

Considering all these factors, the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Whether brought by investors in securities or holders of commodities futures customer accounts, all actions contain common factual questions arising from the events surrounding the bankruptcy of MF Global Holdings, Ltd., and related entities and the reported shortfall in MF Global, Inc., commodities futures customer accounts. Centralization will avoid duplicative discovery, eliminate the risk of inconsistent pretrial rulings (including with respect to issues of class certification), and conserve the resources of the parties, their counsel, and the judiciary.

---

[3] Her Majesty the Queen in Right of Alberta and the Virginia Retirement System.

[4] These plaintiffs also oppose transferee court consolidation of the securities and customer actions.

- 3 -

We conclude that the Southern District of New York is an appropriate transferee district for pretrial proceedings in this litigation. Numerous defendants and plaintiffs who have chosen to file their actions in the Southern District of New York support centralization in this district. MF Global Holdings is headquartered there, as are several other defendants. In addition, centralization in the Southern District of New York will facilitate coordination of the securities and customer actions with the related bankruptcy proceedings underway in that district. Further, by centralizing this litigation before Judge Victor Marrero, we are selecting a jurist experienced in multidistrict litigation who is familiar with the merits of the litigation (by virtue of presiding over both customer and securities actions) and who already has taken steps to streamline the resolution of this matter.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Victor Marrero for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.   Barbara S. Jones
Paul J. Barbadoro        Marjorie O. Rendell
Charles R. Breyer

**IN RE: MF GLOBAL HOLDINGS LTD.**
**INVESTMENT LITIGATION**                                            MDL No. 2338

## SCHEDULE A

<u>Northern District of Illinois</u>

Henning-Carey Proprietary Trading, LLC, et al. v. Jon Corzine, et al.,
    C.A. No. 1:11-08717

<u>Southern District of New York</u>

Joseph Deangelis v. Jon Corzine, et al., C.A. No. 1:11-07866
Sapere CTA Fund, LP v. Jon Corzine, et al., C.A. No. 1:11-09114