

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, et al.,<br><br>                          Plaintiffs,<br><br>- against -<br><br>JON S. CORZINE, et al.<br><br>                          Defendants. | Case No. 11-Civ-7866 (VM) |
| THIS DOCUMENTS RELATES TO:<br><br>The Commodity Customer Class Actions | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 10/22/12 |

**PROPOSED ORDER APPROVING AMENDED AGREEMENT TO COOPERATE
WITH AND ASSIGN CERTAIN CLAIMS TO CLASS ACTION PLAINTIFFS IN
PENDING ACTIONS AND TO DISTRIBUTE FUNDS RECOVERED
TO CUSTOMERS, AND RELATED ORDER BY THE
<u>UNITED STATES BANKRUPTCY COURT</u>**

James W. Giddens, Trustee in the liquidation proceeding of MF Global Inc. ("MFGI") under the Securities Investor Protection Act, having agreed to assign his claims to the commodity customer representatives in this action (the "Customer Representatives") pursuant to an Amended and Restated Continuing Cooperation and Assignment Agreement, dated September 10, 2012 (the "Assignment Agreement"); the Honorable Judge Martin Glenn of the United States Bankruptcy Court, having determined that the Assignment Agreement is in the best interests of the estate, customers, creditors and all parties in interest under applicable bankruptcy law and having approved the Assignment Agreement in all respects by order dated October 11,

2

2012 (the "Bankruptcy Court Order"); and this Court having determined that the Assignment Agreement may serve the interests of judicial efficiency and economy; it is hereby:

1. ORDERED that the Assignment Agreement and Bankruptcy Court Order are approved in all respects in the form attached as Exhibit A; and it is further

2. ORDERED that the deadline for the Customer Representatives and the plaintiff in <u>Sapere CTA Fund, L.P. v. Corzine</u>, 11 Civ. 9114 (VM) to file their respective amended complaints is 14 days from the date of this order, as set forth in Paragraph 2 of Judge Francis' September 14, 2012 order (the "Scheduling Order"); and it is further

3. ORDERED that the other deadlines set forth in the Scheduling Order remain effective.

SO ORDERED

Dated: New York, New York
October 19, 2012

_____
HONORABLE VICTOR MARRERO
United States District Judge

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

MF GLOBAL INC.,

Debtor.

Case No. 11-2790 (MG) SIPA

### ORDER APPROVING AMENDED AGREEMENT TO COOPERATE WITH AND ASSIGN CERTAIN CLAIMS TO CLASS ACTION PLAINTIFFS IN PENDING ACTIONS AND TO DISTRIBUTE FUNDS RECOVERED TO CUSTOMERS

Upon the motion (the "Motion")[1] by James W. Giddens (the "Trustee"), as Trustee for the SIPA liquidation of MF Global Inc. ("MFGI" or the "Debtor"), for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving an amended and restated agreement (the "Continuing Cooperation and Assignment Agreement"), a copy of which is attached hereto as Exhibit A, between the Trustee and Kay P. Tee, LLC and Paradigm Global Fund I Ltd. and certain additional parties thereto and shall also include such Class Representatives as are appointed or to be appointed by the District Court (collectively, the "Customer Representatives") dated September 10, 2012,[2] and the Court having reviewed the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

[2] The additional parties to this agreement are Augustus International Master Fund L.P., Bearing Fund LP, Charles Carey, Ali A. Rangchi Bozorki, Brian Fisher, Futures Capital Management, LLC, Robert Marcin, Shane McMahon, Michael Mette, Thomas G. Moran, Paradigm Asia Fund Ltd., Paradigm Equities Ltd., PS Energy Group, Inc., Pollack Commodity Partners, William Schur, Summit Trust Company, Robert Tierney, Thomas S. Wacker and Timothy Zaug. The Customer Representatives may also include such Class Representatives as are appointed or to be appointed by the District Court in the future.

Case 1:12-md-02338-VM   Document 19   Filed 10/22/12   Page 5 of 19
11-02790-mg   Doc 3764   Filed 10/11/12   Entered 10/11/12 11:23:13   Main Document
Pg 2 of 16

2

Motion, the accompanying Declaration of Jeffery R. Coleman, Esq., and the various objections to the Motion filed by parties in interest; and the Court having considered the statements of counsel at a hearing before the Court (the "Hearing"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with SIPA § 78eee(b)(4); and venue being proper before this Court pursuant to SIPA § 78eee(a)(3) and 15 U.S.C. § 78aa; and it appearing that the relief requested by the Motion, as modified in Exhibit A hereto, is necessary and in the best interests of the estate, customers, creditors, and all parties in interest; and due notice of the Motion having been given, and it appearing that no other or further notice need be given; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein at the Hearing and in the Memorandum Opinion Granting SIPA Trustee's Motion to Approve the Continuing Cooperation and Assignment Agreement for Claims Against PricewaterhouseCoopers LLP (the "Memorandum Opinion," ECF No. 3581); and sufficient cause appearing therefore, it is

ORDERED that the Motion is granted, as modified in Exhibit A hereto and as provided for in the Memorandum Opinion;[3] and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code, as made applicable to this proceeding pursuant to section 78fff(b) and 78fff-1(a) of SIPA, the

---

[3] The Memorandum Opinion cites to certain provisions of the original version of the Agreement dated August 15, 2012, which was annexed as Exhibit A to the Motion. As provided for herein, the Agreement has been amended and superseded by the Amended and Restated Continuing Cooperation and Assignment Agreement dated September 10, 2012 (attached as Exhibit A). Accordingly, to the extent the Memorandum Opinion cites to the earlier version of the Agreement, any such citation shall be considered a citation to the corresponding section of the Amended and Restated Continuing Cooperation and Assignment Agreement dated September 10, 2012 (attached as Exhibit A), which amends and supersedes the original Continuing Cooperation and Assignment Agreement dated August 15, 2012 and quotations from the Agreement that do not appear in the Amended and Restated Continuing Cooperation and Assignment Agreement shall have no force or effect.

Continuing Cooperation and Assignment Agreement is approved in all respects subject to order of the District Court; and it is further

ORDERED that pursuant to the terms of the Continuing Cooperation and Assignment Agreement, the Assigned Claims are assigned to the Customer Representatives, consistent with the Court's findings rendered at the Hearing and as set forth in the Memorandum Opinion; and it is further

ORDERED that the Trustee and the Customer Representatives shall promptly jointly seek order(s), and shall only act in accordance with the provisions of and subject to such obtained orders, (i) from the District Court and Bankruptcy Court regarding the settlement or compromise of any Assigned Claims or Class Action Claims, and allocation of any recovery amounts among and between any Assigned Claims or Class Action Claims, whether by settlement or judgment; and (ii) from the Bankruptcy Court regarding (x) all allocations on recoveries from any Assigned Claims or Class Action Claims, whether by settlement or judgment, among and between the funds of customer property for 4d, 30.7, and physical delivery commodities customers, the fund of customer property for securities customers, and general estate funds; and (y) the distribution of any recoveries based upon the allocations in (x) immediately above; and it is further

ORDERED that, notwithstanding anything in this Order, the Memorandum Opinion, the Motion or the Continuing Cooperation Agreement to the contrary, neither this Order, the Memorandum Opinion nor the Continuing Cooperation Agreement shall impact, alter or modify with respect to any claims or causes of action, including without limitation the Assigned Claims and Class Action Claims, (i) the rights or defenses of any D&O Parties, including without limitation the right of any D&O Parties to contend in the District Court that any Assigned Claim is

not assignable or otherwise barred under non-bankruptcy law (it being understood that any D&O Parties may not challenge the validity of this Order or the Continuing Cooperation Agreement), (ii) the rights of any defendant to seek or obtain discovery, or (iii) the rights of any party to seek an order from the District Court with respect to the costs associated with discovery; and it is further

ORDERED that the Trustee is authorized to take any and all actions reasonably necessary to consummate the Continuing Cooperation and Assignment Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that the Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Continuing Cooperation and Assignment Agreement and resolve disputes thereunder and (ii) implement and enforce the provisions of this Order; and it is further

ORDERED that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits as provided herein and in the Memorandum Opinion; and it is further

ORDERED that the failure to specifically include any particular provision of the Continuing Cooperation and Assignment Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Continuing Cooperation and Assignment Agreement be approved in its entirety; and it is further

ORDERED that the 14 day period under Bankruptcy Rule 6004(h) is waived and the relief set forth in this order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

Dated:   New York, New York
         October 11, 2012

                                          /s/Martin Glenn
                                          MARTIN GLENN
                                          United States Bankruptcy Judge

# **Exhibit A**

## AMENDED AND RESTATED CONTINUING COOPERATION
## AND ASSIGNMENT AGREEMENT[1]

This AMENDED AND RESTATED ASSIGNMENT AGREEMENT (the "Agreement") is entered into on September 10, 2012, by and among James W. Giddens (the "Trustee"), Trustee for the liquidation of MF Global Inc. ("MFGI"), and Kay P. Tee, LLC and Paradigm Global Fund I (with certain additional parties to this agreement listed in footnote 1, collectively, the "Customer Representatives")[2] by and through their respective counsel acting on their behalf. The Trustee and the Customer Representatives shall be referred to hereinafter collectively as the "Parties."

WHEREAS, the Trustee has been appointed as Trustee for the liquidation of MFGI under the Securities Investor Protection Act of 1970 (as amended), in the proceeding captioned In re MF Global Inc., Case No. 11-2790 (MG) SIPA (the "SIPA Proceeding"), pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, the Customer Representatives are customers of and former commodities account holders at MFGI who have brought class actions (the "Class Action Claims") against former officers, directors, and other employees of MFGI or MF Global Holdings Ltd.[3] ("Holdings"), JPMorgan Chase, and other third parties, and have been named as interim lead plaintiffs for the putative class of similarly situated former customers of and former commodities account holders at MFGI in the United States District Court of the Southern District of New York (the "District Court");

WHEREAS, the Trustee, in accordance with his duties under sections 78fff-1(c) and (d) of the Securities Investor Protection Act ("SIPA"), 15 U.S.C. §§ 78aaa *et seq.* and the Commodity Exchange Act of 1936 ("CEA"), is required, *inter alia*, to investigate the acts, conduct, property, liabilities and financial condition of MFGI, the operation of its business, and any other matter, to the extent relevant to the liquidation proceeding, and report thereon to the Bankruptcy Court;

WHEREAS, on November 4, 2011, the Bankruptcy Court issued an Order authorizing the Trustee to issue subpoenas for the production of documents and the examination of the current and former officers, directors, employees, and affiliates of MFGI, and other persons or entities with relevant information including, without limitation, MFGI's lenders, investors, and other financial

---

[1] This Amended and Restated Continuing Cooperation and Assignment Agreement amends and supersedes in all respects the Continuing Cooperation and Assignment Agreement executed by the Parties on August 15, 2012.

[2] The additional parties to this agreement are Augustus International Master Fund L.P., Bearing Fund LP, Charles Carey, Ali A. Rangchi Bozorki, Brian Fisher, Futures Capital Management, LLC, Robert Marcin, Shane McMahon, Michael Mette, Thomas G. Moran, Paradigm Asia Fund Ltd., Paradigm Equities Ltd., PS Energy Group, Inc., Pollack Commodity Partners, William Schur, Summit Trust Company, Robert Tierney, Thomas S. Wacker and Timothy Zaug. The Customer Representatives may also include such Class Representatives as are appointed or to be appointed by the District Court in the future.

[3] Holdings, along with MF Global Finance USA Inc., MF Global Capital LLC, MF Global Market Services LLC, MF Global FX Clear LLC and MF Global Holdings USA Inc. (collectively, the "Chapter 11 Debtors") commenced chapter 11 proceedings on October 31, 2011. *See e.g., In re MF Global Holdings, Ltd.*, Case No. 11-15059 (MG) (Bankr. S.D.N.Y.)

1

transaction counterparties to certain transactions with MFGI (ECF Nos. 34, 36, the "Subpoena Order");

WHEREAS, in accordance with SIPA and the Subpoena Order, the Trustee conducted an investigation of the underlying reasons for and the consequences of the collapse of MFGI, including the shortfall of segregated customer property that MFGI publicly announced early on the morning of October 31, 2011;

WHEREAS, the Trustee's determinations and conclusions drawn from his investigation are set forth in the Trustee's Preliminary Report on Status of His Investigation and Interim Status Report on Claims Process and Account Transfers dated February 6, 2012 (ECF No. 896) and the Report of the Trustee's Investigation and Recommendations dated June 4, 2012 (ECF No. 1865, together the "Investigation Reports"), including identification of certain claims that the Trustee believes to be potentially viable to recover commodities customer property, as defined under 17 C.F.R. § 190.01(n) ("Customer Property");

WHEREAS, the Trustee, on behalf of the MFGI estate in both a corporate capacity and on behalf of MFGI's customers whose claims he must satisfy as bailee or otherwise, asserts that he holds potentially viable claims against former directors, officers and/or employees of MFGI and/or its parent corporation Holdings (the "D&O Parties") and against MFGI's former independent auditor (the "Auditor") including claims on behalf of commodities customers, securities customers, and the Estate and MFGI in its corporate capacity (collectively the "Assigned Claims");

WHEREAS, the Trustee and the Customer Representatives are Parties to a Common Interest Agreement dated June 8, 2012 (the "Common Interest Agreement," annexed hereto as Exhibit A) that provides, among other things, for the coordination of discovery to advance their respective claims against certain parties and states the Parties' intention that information which is protected under the attorney client privilege, work-product privilege or other applicable privilege may be exchanged between the Parties and be within the common or joint interest privilege, to the fullest extent permitted by law;

WHEREAS, the Trustee believes that litigation of the Assigned Claims in connection with the claims of experienced plaintiffs' counsel will most efficiently facilitate the likelihood of recovery for MFGI's commodity customers as well as for MFGI's other customers and creditors with the least duplication of efforts and expense while ensuring that plaintiffs will have all appropriate standing;

WHEREAS, the Parties share common interests to maximize recovery for MFGI customers and creditors with respect to the Assigned Claims and to minimize litigation costs associated with duplication of effort in the prosecution of the Assigned Claims;

NOW THEREFORE, in consideration of the premises, mutual covenants and conditions hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Trustee and the Customer Representatives, by their respective undersigned counsel, agree as follows:

1. <u>Assignment.</u> The Trustee hereby assigns to the Customer Representatives without any representations or warranties, express or implied, all of the Trustee's and/or the MFGI estate's rights, remedies, title and interest in all Assigned Claims. The Trustee consents to the prosecution of any and all Assigned Claims by the Customer Representatives, who shall stand in the shoes of the Trustee and as assignee, subrogee or bailee of the customers of the MFGI estate with respect to the Assigned Claims and any litigation commenced by the Customer Representatives with respect to the Assigned Claims shall be captioned or styled as on behalf of themselves and as assignee of MFGI. The Customer Representatives agree to make all reasonable efforts to evaluate the Assigned Claims in good faith, and where appropriate pursue viable claims subject to the terms of this Agreement. For avoidance of doubt, this provision shall not assign or otherwise transfer any claims of the Trustee and/or the MFGI estate against the Chapter 11 Debtors, any affiliates thereto or any other individual or entity, including, without limitation, any defendant to the Class Action Claims other than the D&O Parties or the Auditor. To the extent that the Bankruptcy Court or District Court determines that any assignment by the Trustee of Assigned Claims against the Auditor to the Customer Representatives is unenforceable, the Trustee hereby consents to the Customer Representatives pursuing any Assigned Claim against the Auditor on behalf of the MFGI estate.

2. <u>Distributions.</u> The Parties agree that all recoveries in respect of the Assigned Claims and the Class Action Claims, net of reasonable attorneys' fees and costs approved by the District Court, will be processed for distribution by the Trustee. The Customer Representatives and their counsel agree that any settlement agreement pertaining to the Assigned Claims or the Class Action Claims will include a provision providing for distribution of any such recoveries in the SIPA proceeding and the Parties will seek District Court approval of such provision and process in connection with Court approval of any settlement. The Trustee and the Customer Representatives shall promptly jointly seek order(s), and shall only act in accordance with the provisions of and subject to such obtained orders, (i) from the District Court and Bankruptcy Court regarding the settlement or compromise of any Assigned Claims or Class Action Claims, and allocation of any recovery amounts among and between any Assigned Claims or Class Action Claims, whether by settlement or judgment; and (ii) from the Bankruptcy Court regarding (x) all allocations on recoveries from any Assigned Claims or Class Action Claims, whether by settlement or judgment, among and between the funds of customer property for 4d, 30.7, and physical delivery commodities customers, the fund of customer property for securities customers, and general estate funds; and (y) the distribution of any recoveries based upon the allocations in (x) immediately above. All reasonable fees and costs incurred by co-counsel and other professionals of the Customer Representatives in connection with the Assigned Claims shall be subject to all applicable law and Court approval pursuant to Federal Rule of Civil Procedure 23, along with notice and Court approval. The Securities Investor Protection Corporation ("<u>SIPC</u>") and the Trustee shall be provided advance notice of any and all such requests, and the Customer Representatives and their counsel shall not oppose the Trustee's or SIPC's right to be heard with respect to any requests for approval. Further, the Customer Representatives waive any claims for fees or costs against the MFGI Estate, SIPC and/or the Trustee.

3. <u>Cooperation.</u>

(a) The Parties shall cooperate in good faith and coordinate prosecution of the Assigned Claims and the Class Action Claims to preserve and protect each other's interest to the extent consistent with their mutual interest. To the extent that the commodities customers receive a full recovery on their customer claims, the Trustee shall have the right to associate his counsel in the continued prosecution of any Assigned Claims and Class Action Claims.

3

(b) Without the necessity of formal discovery and subject to the entry of an appropriate confidentiality agreement between the parties in order to protect ongoing government investigations, the Trustee shall endeavor to provide to the Customer Representatives all relevant, material MFGI documents which have been identified as a result of the Trustee's investigation, including all MFGI documents that the Trustee has produced to date to regulatory authorities and other government agencies (the "Documents"). Prior to the production of any Documents, the Trustee, who has waived any pre-petition privilege on behalf of MFGI, will provide Louis J. Freeh, the trustee for the Chapter 11 Debtors (the "Chapter 11 Trustee") an opportunity to object to the production of any Document on the basis of a shared privilege (which is disputed by the Trustee) which has been asserted by the Chapter 11 Trustee. The Trustee will withhold such Document from production until such time that the Class Representatives and the Chapter 11 Trustee resolve any objection or there is a court order adjudicating the matter.

(c) Subject to District Court approval, to the extent any party to any litigation seeks additional documents, the cost of production, including technical processing and the Trustee's professionals' fees, will be paid by the party seeking the information.

(d) The Trustee shall provide the Documents to the Customer Representatives who shall establish and maintain a document depository which will contain the Documents. Subject to District Court approval, the parties agree that the establishment of the depository shall satisfy any and all discovery requests made by any party on the Trustee in connection with Assigned Claims and Class Action Claims. The Customer Representatives agree to maintain the document depository once established until further order of the District Court on notice and with an opportunity to be heard by parties in interest.

(e) If the Customer Representatives commence or prosecute any Assigned Claims or Class Action Claim (i) the Customer Representatives shall consult with the Trustee, at the Trustee's request, on an ongoing basis regarding any Assigned Claim; provided that the Customer Representatives shall have the right to determine all aspects of the prosecution of any Assigned Claim (subject to subparagraph 3(a) and 3(f) herein), (ii) the Trustee may participate in the prosecution at his own expense, including through attendance at any deposition taken in the course of prosecution of any Assigned Claims or Class-Action Claim, (iii) subject to the terms of the Common Interest Agreement, the Customer Representatives shall provide the Trustee on a confidential basis with copies of any and all documents produced in response to any subpoena or discovery request served by the Customer Representatives in the course of prosecution of any Assigned Claim or Class Action Claim; and (iv) subject to the terms of the Common Interest Agreement, upon request from the Trustee, the Customer Representatives shall provide the Trustee on a confidential basis with drafts of notices, pleadings, and other papers to be filed or served in prosecution of any Assigned Claims or Class Action Claim.

(f) The Customer Representatives shall not settle or enter into any other agreement, stipulation or other arrangement with respect to the disposition of any Assigned Claims, including but not limited to a determination not to pursue any Assigned Claims, without the consent of the Trustee, which shall not be unreasonably withheld.

(g) As provided for in the Common Interest Agreement, information which is protected under the attorney-client work-product privilege or other applicable privilege may be exchanged by the Parties without in any way reducing or compromising such privileges and the parties further

4

intend that any information so exchanged shall, to the fullest extent permitted by law, be within the common or joint interest privilege.

4.   Separate and Independent Representation. The Parties understand and acknowledge that they are represented only by their own respective counsel. Nothing in this Agreement shall be deemed to create an attorney-client relationship between the Parties. Unless otherwise expressly disclosed, the other's counsel are not acting as counsel to any persons or entities other than their own respective clients in connection with the Assignment.

5.   Court Approval. The Trustee and the Customer Representatives agree to promptly seek approval of this Agreement in the Bankruptcy Court and District Court. If the Agreement is not approved, the Agreement shall be null and avoid and the Parties will retain all their respective rights and claims. The Agreement shall become effective upon entry of an order by the Bankruptcy Court and District Court.

6.   Limitations. This Agreement is not intended and shall not operate as an assignment of any claims against any party other than the Assigned Claims against the D&O Parties and the Auditor. Any and all other claims are expressly retained by the Trustee. The Trustee expressly reserves and does not assign or waive any counterclaims, defenses or objections as to any claims filed in the SIPA Proceeding on any grounds, including but not limited to the provisions of section 510 of the U.S. Bankruptcy Code and all other applicable law arising from facts and circumstances giving rise to the Assigned Claims.

7.   Customer Representatives' Counsel. This Agreement shall only apply to the co-counsel of the Customer Representatives executing this Agreement. In the event of the removal, replacement or resignation of both of the co-lead co-counsel of the Customer Representatives executing this Agreement, the Trustee may unilaterally in his discretion terminate this Agreement upon notice to the Customer Representatives and the Assigned Claims shall revert to the MFGI estate.

8.   Failure to Certify. In the event that the District Court declines to certify the class, or the class is decertified on appeal, the Trustee may unilaterally in his discretion terminate this Agreement, in whole or in part, upon notice to the Customer Representatives and if the Trustee so elects, the Assigned Claims shall revert to the MFGI estate.

9.   Miscellaneous.

   (a)   Governing Law. This Agreement is made and accepted in the State of New York, and its interpretation, validity and performance shall be governed exclusively by the laws of the State of New York, without regard to conflict of laws principles.

   (b)   Jurisdiction. Each of the undersigned parties submits to the exclusive jurisdiction of the Bankruptcy Court as to any dispute arising out of or under this Agreement. The Bankruptcy Court shall have and retain exclusive jurisdiction to enforce the terms of this Agreement and to determine any claims or disputes which may arise or result from, or be connected with, this Agreement, including, without limitation, any claim of breach or default hereunder.

(c)     Entire Agreement; Modification.  This Agreement constitutes the entire agreement on this subject between the Parties.  Any change or modification of this Agreement must be in writing signed by the Parties hereto.

(d)     Severability; Enforceability.  Whenever possible, each of the provisions of this Agreement shall be construed so as to be interpreted in such manner as to be effective and valid under applicable law.  If any provisions of this Agreement or the application thereof to any party or circumstance shall be prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition without invalidating the remainder of such provision or any other provision of this Agreement or the application of such provision to other parties or circumstances.

(e)     No Agency.  Nothing in this Agreement shall be construed to create any agency relationship, partnership or joint venture.  No party shall have the authority to waive any applicable privilege, immunity or work product doctrine on behalf of another party; nor shall any waiver of any applicable privilege, immunity or doctrine by the conduct of one party be construed to apply to any other party.

(f)     Construction.  This Agreement is deemed to have been drafted jointly by the parties, and any uncertainty or ambiguity shall not be construed for or against either party as an attribution of drafting to either party.  The headings contained in this Agreement are intended solely for convenience or reference and shall be given no effect in the construction or interpretation of this Agreement or any provision hereof.  Whenever the context so requires, the plural shall include the singular and vice versa.  All words and phrases shall be construed as masculine, feminine or neuter gender, according to the context.  The recitals to this Agreement are, and shall be construed to be, an integral part of this Agreement.  Whenever the term "include", "including", or "included" is used in this Agreement, it shall mean including without limiting the foregoing.

(g)     Counterparts.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original.

(h)     Press.  The Customer Representatives and their counsel agree not to issue press releases or otherwise make extrajudicial statements regarding this Agreement or its implementation without reasonable advance notice to and the approval of the Trustee's counsel.

(i)     Notices.  Any communication, notice or demand or any kind whatsoever which either party may be required or may desire to give or serve upon the other shall be in writing and delivered by personal service (including express or courier service such as by FedEx, Airborne, or other overnight delivery service), or by registered or certified mail, postage prepaid, return receipt requested, or by facsimile (with confirmation of receipt thereof), addressed as follows:

| If to the Trustee: | If to the Customer Representatives |
|---|---|
| c/o James B. Kobak, Jr., Esq. | c/o Andrew J. Entwistle, Esq. |
| Hughes Hubbard & Reed LLP | Entwistle & Cappucci LLP |
| One Battery Park Plaza | 280 Park Avenue, 26th Floor West |
| New York, New York 10004 | New York, New York 10017 |
| Facsimile: (212) 422-4726 | Facsimile: (212) 894-7272 |

6

> c/o Merrill G. Davidoff, Esq.
> Berger & Montague, P.C.
> 1622 Locust Street
> Philadelphia, Pennsylvania 19103
> Facsimile: (215) 875-4604

Any party may change its address for notices by notice given to the other in the manner provided in this Agreement. Any such communication, notice or demand shall be deemed to have been duly given or served on the date personally served, if by personal service, or on the date shown on the return receipt or other evidence of delivery, if mailed, or date sent by facsimile as described above.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on their behalf by their respective undersigned counsel as of the date first above written.

| HUGHES HUBBARD & REED LLP | HAYNES & BOONE, LLP |
|---|---|
| *[signature]* | |
| James B. Kobak, Jr. | Jonathan D. Pressment |
| *Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* | *Special Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* |
| ENTWISTLE & CAPPUCCI LLP | BERGER & MONTAGUE, L.P. |
| Andrew J. Entwistle | Merrill G. Davidoff |
| *Interim Co-Lead Counsel and co-counsel for customers Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Fund Ltd., Augustus International Master Fund, L.P., William Schur, Futures Capital Management, LLC, Pollack Commodity Partners and Ali A. Rangchi Bozorki* | *Interim Co-Lead Counsel and counsel for customers Kay P. Tee, LLC, Thomas G. Moran, Bearing Fund LP, PS Energy Group, and Summit Trust Company* |

7

c/o Merrill G. Davidoff, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Facsimile: (215) 875-4604

  Any party may change its address for notices by notice given to the other in the manner provided in this Agreement. Any such communication, notice or demand shall be deemed to have been duly given or served on the date personally served, if by personal service, or on the date shown on the return receipt or other evidence of delivery, if mailed, or date sent by facsimile as described above.

  **IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on their behalf by their respective undersigned counsel as of the date first above written.

| | |
|---|---|
| HUGHES HUBBARD & REED LLP | HAYNES & BOONE, LLP |
| _____ | _____ |
| James B. Kobak, Jr. | Jonathan D. Pressment |
| *Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* | *Special Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* |
| ENTWISTLE & CAPPUCCI LLP | BERGER & MONTAGUE, L.P. |
| _____ | _____ |
| Andrew J. Entwistle | Merrill G. Davidoff |
| *Interim Co-Lead Counsel and co-counsel for customers Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Fund Ltd., Augustus International Master Fund, L.P., William Schur, Futures Capital Management, LLC, Pollack Commodity Partners and Ali A. Rangchi Bozorki* | *Interim Co-Lead Counsel and counsel for customers Kay P. Tee, LLC, Thomas G. Moran, Bearing Fund LP, PS Energy Group, and Summit Trust Company* |

7

c/o Merrill G. Davidoff, Esq.
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Facsimile: (215) 875-4604

Any party may change its address for notices by notice given to the other in the manner provided in this Agreement. Any such communication, notice or demand shall be deemed to have been duly given or served on the date personally served, if by personal service, or on the date shown on the return receipt or other evidence of delivery, if mailed, or date sent by facsimile as described above.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on their behalf by their respective undersigned counsel as of the date first above written.

| HUGHES HUBBARD & REED LLP | HAYNES & BOONE, LLP |
|---|---|
| James B. Kobak, Jr. | Jonathan D. Pressment |
| *Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* | *Special Counsel for James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc.* |
| ENTWISTLE & CAPPUCCI LLP | BERGER & MONTAGUE, L.P. |
| Andrew J. Entwistle | Merrill G. Davidoff |
| *Interim Co-Lead Counsel and co-counsel for customers Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Fund Ltd., Augustus International Master Fund, L.P., William Schur, Futures Capital Management, LLC, Pollack Commodity Partners and Ali A. Rangchi Bozorki* | *Interim Co-Lead Counsel and counsel for customers Kay P. Tee, LLC, Thomas G. Moran, Bearing Fund LP, PS Energy Group, and Summit Trust Company* |

7

SUSMAN GODFREY LLP

*/s/ Marc Seltzer*
Marc Seltzer

*Co-counsel for customer Paradigm Global Fund I Ltd., et al.*

NISEN & ELLIOTT, LLC

*/s/ Michael H. Moirano*
Michael H. Moirano

*Counsel for customers Charles Carey, Robert Tierney, Brian Fisher, Shane McMahon, Michael Mette, and Timothy Zaug*

GRANT & EISENHOFER P.A.

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum

*Counsel for customer Robert Marcin*

FLEISCHMAN LAW FIRM PLLC

*/s/ Keith M. Fleischman*
Keith M. Fleischman

*Counsel for customer Thomas S. Wacker*