

July 1, 2013

BY HAND

Honorable Victor Marrero
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

Re: *In re MF Global Inc.*, Case No. 11-2790 (MG) SIPA;
*In re MF Global Holdings Ltd. Inv. Litig.*, Case No. 12-MD-2338 (VM)

Dear Judge Marrero and Judge Glenn:

     Per Judge Glenn's request, on behalf of James W. Giddens, the SIPA Trustee for the liquidation of MF Global Inc. (the "Trustee"), MF Global Holdings Ltd, as Plan Administrator and the Customer Representatives, we jointly write concerning the Consent Order dated June 27, 2013 (the "Consent Order") between the Trustee and the U.S. Commodity Futures Trading Commission (the "Commission"). The Consent Order will have no effect on the relief the Trustee and the Customer Representatives are seeking at the joint July 3, 2013 hearing for (i) approval of the Settlement Agreement between the Trustee, the Customer Representatives and JPMorgan Chase Bank N.A.; (ii) authority to allocate the $100 million settlement payment to the 4d Estate; and (iii) authority to allocate the $200 million in remitted clearance collateral to the 4d and 30.7 Estates (the "Motion"). The Consent Order will not be before the Court at the July 3, 2013 hearing, and consideration of the Consent Order is not necessary for, or relevant to, the approval of the Settlement Agreement and requested allocations.

     Matters related to the legal consequences of the advances made using non-segregated property to make distributions to customers will be addressed by separate motion to the Bankruptcy Court early this fall, if not sooner. As detailed in the responses to the limited objections filed with the District Court, the limited objectors have no standing to challenge the legal characterization of the allocations proposed in the Motion, but even if they did, questions related to the legal characterization of proposed allocations will be addressed in a comprehensive fashion in a Bankruptcy Court proceeding on full notice to all parties. The Consent Order gives definition to when and how that will occur pursuant to the request of the Commission.

In sum, the issues raised in the Consent Order have no relevance to the relief sought by the Trustee and the Customer Representatives at the July 3, 2013 hearing and will be fully addressed at a future hearing in the Bankruptcy Court.

Respectfully,

/s/ James B. Kobak, Jr.
James B. Kobak, Jr.
Hughes Hubbard & Reed LLP
Counsel for the Trustee


/s/ Scott J. Greenberg
Scott J. Greenberg
Bruce Bennett
Jones Day
Counsel for MF Global Holdings Ltd.,
as Plan Administrator


/s/ Andrew J. Entwistle
Andrew J. Entwistle
Entwistle & Cappucci LLP
Co-Lead Counsel for the Customer Representatives


/s/ Merrill G. Davidoff
Merrill G. Davidoff
Berger & Montague, P.C.
Co-Lead Counsel for the Customer Representatives

---

The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by the Customer Representatives, SIPA Trustee, and MF Global Holdings

SO ORDERED.

7-1-13
DATE      VICTOR MARRERO, U.S.D.J.