UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, et al., Plaintiffs<br><br>- against -<br><br>JON S. CORZINE, et al., Defendants. | Case No. 11-Civ-7866 (VM)<br><br>**ECF CASE**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED 3/14/14 |
| THIS DOCUMENT RELATES TO:<br><br>The Commodity Customer Class Action | |

## FINAL JUDGMENT AND ORDER APPROVING THE PLAN OF ALLOCATION

VICTOR MARRERO, United States District Judge:

On this 14th day of March 2014, a hearing (the "Hearing") having been held before this Court to determine (i) whether the terms and conditions of the Settlement and related Settlement Agreement, dated January 29, 2014, among the Customer Representatives and CME Group Inc. and the Chicago Mercantile Exchange, Inc., and their parents, subsidiaries and affiliates ("CME Group") (collectively, the "Parties"), are fair, reasonable and adequate to settle all potential claims by the Customer Representatives against CME Group as set forth herein; and (ii) whether judgment should be entered dismissing with prejudice in favor of CME Group and any other Released Defendant Persons any and all of the Released Customer Claims, as against

all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement Class;

As it appears that the Notice Materials substantially in the form approved by the Court, including the date of the Hearing, were mailed to all persons and entities in accordance with the Settlement and as provided in the Order Preliminarily Approving Proposed Settlement and Providing For Notice, dated January 31, 2014 (ECF No. 632) ("CME Group Preliminary Approval Order");

And the Court, having considered all matters submitted to it at the Hearing concerning the Plan of Allocation, along with all prior submissions by the Parties to the Settlement and others;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Customer Class Action, the Customer Representatives and CME Group.

2. The Court hereby finds, in accordance with the CME Group Preliminary Approval Order, that the notice given to the Settlement Class, including the individual notice to all Settlement Class Members who could be identified through reasonable effort, was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters set forth herein, including the proposed Settlement and Plan of Allocation set forth in the Settlement and related approval documents, to all eligible Settlement Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules.

3. The notice program disseminated the Notice Materials in the following manner: (i) the Notice Materials were mailed by first-class mail to Settlement Class Members identified

through the claims process in the SIPA Proceeding and the claims process used in connection with the settlement with JP Morgan Chase, N.A.; and (ii) the Notice Materials were made available to Settlement Class Members on Interim Co-Lead Counsel's firm websites. Because Settlement Class Members were identified through the prior claims procedures, the Court found that the Customer Representatives were not required to publish the Notice Materials.

4. The Court-approved Notice Materials described, *inter alia*, the background and history of this action; the terms of the Settlement, the Plan of Allocation, and the parties' releases; the time, date and place of the Settlement Fairness Hearing; the rights of Settlement Class Members, including how to object to or opt-out of the Settlement; and how to obtain further information.

5. The Court finds that the form and method of notice utilized in this case was reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections and satisfied the requirement of Rule 23(c)(2) to provide individual notice to all members who can be identified through reasonable effort.

6. After giving due consideration, the Court finds that the proposed Plan of Allocation (as set forth in the Notice Materials and related approval documents) is fair, reasonable and adequate, and is hereby approved.

7. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this \_\_\_14th\_\_\_ day of \_\_\_March\_\_\_, 2014.

_____
The Honorable Victor Marrero
United States District Judge