UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, et al., Plaintiffs, - against - JON S. CORZINE, et al. Defendants. | Case No. 11-Civ-7866 (VM) ECF CASE |
| THIS DOCUMENTS RELATES TO: The Commodity Customer Class Actions | |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/14

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

VICTOR MARRERO, United States District Judge:

On this 14th day of, March 2014, a hearing (the "Hearing") having been held before this Court to determine (i) whether the terms and conditions of the Settlement and related Settlement Agreement, dated January 29, 2014, among the Customer Representatives and CME Group Inc. and Chicago Mercantile Exchange Inc. ("CME Group") (collectively, the "Parties"), are fair, reasonable and adequate to settle all claims by the Customer Representatives against CME Group as set forth herein; and (ii) whether judgment should be entered dismissing with prejudice in favor of CME Group and any other Released Defendant Persons any of the Released Customer Claims, as against all persons or entities who are Settlement Class Members and who have not requested exclusion from the Settlement Class;

As it appears that the Notice Materials, as approved by the Court, including the date of the Hearing, were mailed to all Settlement Class Members constituting the previous settlement class certified by this Court (the "Settlement Class") in connection with the prior settlement with JPMorgan Chase Bank, N.A. (the "JPMC Settlement"), and that the related Approval Materials were posted on Co-Lead Counsel's website;

And the Court, having considered all matters submitted to it at the Hearing, along with all prior submissions by the Parties to the Settlement and others, and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Settlement Class Members against the Released Defendant Persons;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Court, for purposes of this Final Judgment and Order of Dismissal with Prejudice (the "Judgment"), adopts the following defined terms and any other relevant defined terms set forth in the Settlement Agreement:

    (a)  "Claims" means any and all manner of claims, demands, rights, actions, potential actions, causes of action, liabilities, duties, damages, losses, diminutions in value, obligations, judgments, decrees, matters, issues, suits and controversies of any kind or nature whatsoever, whether known or unknown, contingent or absolute, liquidated or not liquidated, accrued or unaccrued, suspected or unsuspected, disclosed or undisclosed, apparent or not apparent, foreseen or unforeseen, matured or not matured, which now exist, or heretofore or previously existed, or may hereafter exist, including, but not limited to, any claims arising under federal, state or foreign law, common law, bankruptcy law, statute, rule or regulation, or agreement, whether individual, class, direct, derivative, representative, on behalf of others, legal, equitable, regulatory, governmental or of any other type or in any other capacity.

(b) "Class Counsel" means Co-Lead Counsel and the Executive Committee.

(c) "CME Claim" shall have the meaning ascribed to it in the So-Ordered Stipulation (i.e., "claims related to unpaid clearing fees, exchange fees, rent, indemnification, and other MFGI obligations to CME Group and its affiliates, as submitted on June 1, 2012 in the SIPA Proceeding and assigned Claim No. 300000652").

(d) "Co-Lead Counsel" means Berger & Montague, P.C. and Entwistle & Cappucci LLP, which the Court appointed to serve as Interim Co-Lead Counsel for the Customer Representatives and the proposed customer class.

(e) "Customer Class Action" means all actions brought, or that in the future may be brought, by or on behalf of former customers of MFGI, which have been, or in the future may be, consolidated under the captions *Deangelis v. Corzine*, No. 11-cv-7866 (S.D.N.Y.) (VM), and *In re MF Global Holdings Ltd. Investment Litigation*, No. 12-md-2338 (VM).

(f) "Customer Representative Plaintiffs" means Augustus International Master Fund L.P., Bearing Fund LP, Kay P. Tee, LLC, Mark Kennedy, Robert Marcin, Thomas G. Moran, Paradigm Global Fund I Ltd., Paradigm Equities Ltd., Paradigm Asia Fund Ltd., PS Energy Group, Inc., Summit Trust Company, Henry Rogers Varner, Jr., and Thomas S. Wacker, as well as any additional class representative plaintiffs as are appointed or may be appointed in the future by the District Court in the Customer Class Action.

(g) "Customer Representative Plaintiffs Attorneys' Fees Payment" means any award of attorneys' fees, costs, or expenses in the Customer Class Action in connection with this Settlement, awarded pursuant to Fed. R. Civ. P. 23, by the District Court.

(h) "Distribution Fund" means the sum of fourteen million and five-hundred-thousand dollars ($14,500,000) (i.e., half of the twenty-nine million dollar allowed amount of the

CME Claim) that CME Group shall direct to be delivered in accordance with and subject to the terms and conditions of the Settlement Agreement, which Distribution Fund shall not accrue any interest nor be subject to any reductions other than as specified in Paragraph 1(l).

(i)  "Executive Committee" means Co-Lead Counsel and Nisen & Elliot LLC, Susman Godfrey L.L.P., Grant &Eisenhofer P.A., and the Fleischman Law Firm.

(j)  "Net Distribution Fund" means the Distribution Fund less: (i) any Notice and Administration Costs; and (ii) any Customer Representative Plaintiffs Attorneys' Fees Payment

(k)  "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Trustee in connection with (i) providing notice to the Settlement Class, and (ii) administering the claims process, as well as the costs, fees and expenses incurred in connection with administering the Net Distribution Fund.

(l)  "Notice Materials" or "Settlement Notice" means notice provided to Settlement Class Members pursuant to the District Court's Preliminary Approval Order.

(m)  "Plan of Allocation" means the proposed plan of allocation for the Net Distribution Fund set forth in the Notice Materials.

(n)  "Preliminary Approval Order" means the Order Preliminarily Approving Proposed Settlement and Providing for Notice dated January 31, 2014.

(o)  "Released Customer Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted by, through, or on behalf of the Customer Representative Plaintiffs, each and every member of the Settlement Class, and each of their respective predecessors, successors, affiliates, assigns, subrogees, purchasers or other transferees, attorneys, heirs, representatives, administrators,

executors, devisees, legatees, and estates, against any one or more of the Released Defendant Persons, arising out of, relating to, or in connection with, in any way or manner, MFGI, its affiliates, or related parties, including but not limited to any claims asserted in the Customer Class Action and any claims related to alleged fraud, breach of any duty, negligence, or the aiding and abetting of such conduct (including but not limited to MF Global's alleged misuse of customer money, securities, and/or property). The Claims being pursued in the Customer Class Action against any other defendants named in the Consolidated Amended Class Action Complaint or who may be added in the future in the District Court (other than the Released Defendant Persons) are excluded from the definition of "Released Customer Claims" and are not being released by the Settlement Class as part of this Settlement.

      (p)    "Released Defendant Persons" means CME Group Inc., and each of its past or present affiliates (including but not limited to Chicago Mercantile Exchange Trust) and subsidiaries (including but not limited to Chicago Mercantile Exchange Inc.), and each and all of their current and former, officers, directors, employees, managers, indirect or direct shareholders, partners, principals, attorneys, agents, insurers, representatives, accountants, predecessors, successors and assigns, in such role or capacity.

      (q)    "Settlement Class" means all persons or entities who held money, property, and/or securities at MFGI as of the bankruptcy of MFGI on October 31, 2011. For the avoidance of doubt, the Settlement Class is intended to include all commodities and securities customers of MFGI, including but not limited to each of the customer account classes identified in 17 C.F.R. § 190.01(a) (*i.e.*, futures, foreign futures, leverage, delivery, and cleared swaps accounts) and any customer for whose benefit MFGI was required by law to maintain segregated, secured, or other dedicated accounts or funds, including without limitation under 17

C.F.R. §§ 1.20, 30.7, and/or 240.15c3-3. Excluded from the Settlement Class are: (i) any person or entity named as a defendant in the Consolidated Amended Class Action Complaint (including any immediate family members of such defendant and any parent, subsidiary or affiliate of any defendant) that held money, securities, or property at MFGI and that could otherwise be deemed to be a member of the Settlement Class; (ii) any parent, subsidiary or affiliate of MFGI that held money, securities, or property at MFGI and that could otherwise be deemed to be a member of the Settlement Class; and (iii) any persons or entities that exclude themselves from the Settlement Class by filing a request for exclusion that is accepted by the District Court.

(r) "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

(s) "Unknown Claims" means any Released Claims which the Customer Representative Plaintiffs, any other Settlement Class Members, or CME Group does not know or suspect to exist in his, her or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. The Parties agree that, upon the Effective Date, the Customer Representative Plaintiffs, and CME Group shall have expressly waived, and each of the other Settlement Class Members shall be deemed to have waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Customer Representative Plaintiffs and CME Group, acknowledge, and the other Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

2. This Court has jurisdiction over the subject matter of the Customer Class Action and over all parties to the action, including all Settlement Class Members.

3. The Court finds that all elements for maintenance of the Customer Class Action as a class action are met for the limited purpose of the Settlement. Specifically, the Settlement Class satisfies the numerosity requirement of Rule 23(a)(1); there are common issues of fact and law sufficient to satisfy Rule 23(a)(2); the claims of the Customer Representatives are typical of the claims of absent Settlement Class Members, satisfying Rule 23(a)(3); the Customer Representatives and Class Counsel are adequate representatives of the Settlement Class Members, satisfying Rule 23(a)(4); common issues predominate over individual issues, satisfying Rule 23(b)(3)(i); and class action treatment of this Customer Class Action is a superior method of proceeding in this matter, satisfying Rule 23(b)(3)(ii).

4. Accordingly, and for settlement purposes only, the Court hereby approves the utilization of the Settlement Class it certified in connection with the JPMC Settlement Order, as also defined above in paragraph 1(s).

5. The Court hereby finds, in accordance with the Preliminary Approval Order, that the Notice Materials mailed to the Settlement Class and the Approval Materials posted by Co-Lead Counsel provided due and adequate notice of these proceedings and the matters set forth herein, including the Net Equity Settlement and Assignment Agreement, to all eligible Settlement

Class Members entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules.

6.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement as fair, reasonable and adequate, and in the best interests of the Settlement Class Members. The Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

7.     The Customer Class Action and any claims of the Settlement Class Members are dismissed on the merits as to the Released Defendant Persons, without costs, and with prejudice.

8.     The releases as set forth in Paragraph 10 of the Settlement Agreement (the "Releases"), together with the definitions contained in Paragraph 1 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that, as of the Effective Date, the Customer Representative Plaintiffs and other Settlement Class Members (exclusive of the persons and entities as listed on Exhibit 1 annexed hereto who submitted timely and valid exclusion requests) and each of their respective predecessors, successors, affiliates, assigns, purchasers or other transferees, attorneys, heirs, representatives, administrators, executors, devisees, legatees, and estates, shall be deemed by operation of law to have, and by operation of the Judgment shall have, released, waived, discharged, and dismissed each and every Released Customer Claim against each and every Released Defendant Person, and shall forever be enjoined from commencing or prosecuting in any forum any or all of the Released Customer Claims against each and every Released Defendant Person.

9.     The Released Defendant Persons hereby fully, finally, and forever release, relinquish and discharge each and all of the Customer Representative Plaintiffs, other Settlement

Class Members, Co-Lead Counsel and the Executive Committee from all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Customer Class Action or the Released Customer Claims.

10.  Notwithstanding paragraphs 7-9 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement or this Judgment.

11.  To the fullest extent permitted by law, (a) all persons or entities shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any claims, actions, or causes of action for contribution or indemnification, however styled, against each and every of the Released Defendant Persons for any costs, liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the SIPA Trustee, the MFGI estate, the Settlement Class or any Settlement Class Member, arising out of, relating to, or in connection with, in any way or manner, the Released Customer Claims or any claim that has been or could have been or could be in the future asserted in the SIPA Proceeding or the Customer Class Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Bankruptcy Court, the District Court, or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum ("Contribution Claims"), except that this provision shall not apply as among the Released Defendant Persons, and (b) all Released Defendant Persons shall be shall be permanently enjoined, barred and restrained from bringing, commencing, prosecuting or asserting any Contribution Claims against any person or entity barred from seeking contribution pursuant to this paragraph 11 ("Barred Defendant Person"). Any final verdict or judgment obtained by or on behalf of the SIPA Trustee (or any person or entity claiming through him or the MFGI estate or to whom or which such

claim is assigned), the Customer Representative Plaintiffs, or one or more of the Settlement Class Members, from or against any Barred Defendant Person, for which contribution or common law indemnification is available from any Released Defendant Person, shall be reduced by the greater of (i) the amount that corresponds to the percentage of responsibility attributed to the Released Defendant Persons with respect to such monetary award or judgment against any Barred Defendant Person; and (ii) the Settlement Amount paid by CME Group pursuant to the Settlement.

12. Neither this Judgment nor the Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Order and/or the Settlement; (b) shall be described as, construed as, interpreted as or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession or admission as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by any party or the merits of any of their defenses; and (c) shall be described as, construed as, interpreted as or offered against any party or any Settlement Class Member as evidence of any infirmity in the claims of any party or the Settlement Class, or as evidence that the damages recoverable from any party would not have exceeded the Settlement Amount.

13. The Released Defendant Persons shall have no responsibility for the administration of the Settlement and shall have no liability to the Customer Representatives, Settlement Class, Class Counsel or Trustee in connection with such administration.

14. Separate orders shall be entered regarding approval of the Plan of Allocation and the motion for an award of attorneys' fees and reimbursement of expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15. The Court finds that during the course of the Customer Class Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that this Judgment is modified or reversed on appeal to the extent that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Settlement Agreement terminates according to its provisions, or this Judgment does not become Final, then this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void, *nunc pro tunc,* and the Parties will be deemed to have reverted to their respective status as of the date and time immediately before October 29, 2013.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement.

18. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) implementation of this Settlement and any award or distribution of the Net Distribution Fund, including any interest earned thereon; (ii) disposition of the Net Distribution Fund; and (iii) all parties hereto for the purpose of construing, enforcing and administering the Net Distribution Fund.

19. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SO ORDERED this 14th day of March, 2014.

_____
The Honorable Victor Marrero
United States District Judge