DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE MF GLOBAL HOLDINGS :      No. 11-cv-7866
LIMITED SECURITIES LITIGATION :      No. 12-md-2388

     :
---

     :
*AG Oncon, LLC*, et al.,      :

     :
     Plaintiffs,      :

     :
v.      :      No. 14-cv-396

     :
*Corzine*, et al.,      :

     Defendants.      :
---
     :

## NOTICE OF THE SETTLING PARTIES' JOINT MOTION TO DISMISS

PLEASE TAKE NOTICE that pursuant to their Settlement Agreement and Release, dated

November 25, 2014, upon this notice; the accompanying memorandum of law; and all other

papers and proceedings in this Action, (a) Plaintiffs AG Oncon, LLC; AG Ofcon, Ltd.; AQR

Absolute Return Master Account, L.P.; AQR DELTA Master Account, L.P.; AQR Delta

Sapphire Fund, L.P.; AQR Funds—AQR Diversified Arbitrage Fund; AQR Opportunistic

Premium Offshore Fund L.P.; AQR UCITS Funds; CNH CA Master Account, L.P.; CNH

Diversified Opportunities Master Account, L.P.; Lazard Asset Management LLC on behalf of

certain of its managed accounts; Lazard Rathmore Master Fund, L.P.; HFR CA Lazard Rathmore

Master Trust; American Physicians Assurance Company; CSAA Insurance Group; Lord Abbett

Investment Trust – Lord Abbett Convertible Fund; The Doctors Company Insurance Group;

Pension, Hospitalization and Benefit Plan of the Electrical Industry – Pension Trust Account;

Vermont Mutual Insurance Company; Suttonbrook Capital Portfolio LP; Suttonbrook Eureka

Fund, LP; Prime Capital Master SPC-GOT WAT MAC Segregated Portfolio; Waterstone

Offshore ER Fund, LTD; Waterstone MF Fund, Ltd.; and Waterstone Market Neutral Fund

(collectively, "Plaintiffs"), and (b) Citigroup Global Markets Inc.; Deutsche Bank Securities Inc.;

Goldman, Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith

Incorporated; RBS Securities Inc.; and Sandler O'Neill & Partners, L.P. (collectively, the

"Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties"), by and

through their respective undersigned counsel, will jointly move this Court, at a time and date to

be determined, before the Honorable Victor Marrero, United States District Judge, at the Daniel

Patrick Moynihan United States Courthouse, Courtroom 11B, 500 Pearl Street, New York, NY

10007, for an order, in the form attached hereto as Exhibit A: (1) dismissing the claims against

the Settling Underwriter Defendants with prejudice; (2) dismissing the claims against all the

Non-Settling Underwriter Defendants (as that term is defined in the accompanying memorandum

of law) without prejudice; and (3) entering judgment against the Settling Underwriter Defendants

pursuant to Rule 54(b).

Dated: New York, NY
       December 23, 2014


**ROSS & ORENSTEIN LLC**

By: _/s/ Jeff Ross_
     Jeff Ross (admitted *pro hac vice*)


222 South Ninth Street
Minneapolis, MN 55402
Telephone: (612) 436-9800
Facsimile: (612) 436-9819

*Counsel for Plaintiffs*


**GIBSON, DUNN & CRUTCHER LLP**

By: _/s/ Mark A. Kirsch_
     Mark A. Kirsch
     Christopher M. Joralemon


200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Settling Underwriter Defendants*

2

# Exhibit A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS<br>LIMITED SECURITIES LITIGATION | : No. 11-cv-7866<br>: No. 12-md-2388<br>: |
| *AG Oncon, LLC*, et al., | :<br>: |
| Plaintiffs, | :<br>: |
| v. | : No. 14-cv-396<br>: |
| *Corzine*, et al.,<br>Defendants. | :<br>:<br>: |

### JUDGMENT OF DISMISSAL AGAINST
### CERTAIN UNDERWRITER DEFENDANTS

WHEREAS, a consolidated securities class action is pending in this Court styled *In re MF Global Holdings Limited Securities Litigation*, Civil Action No. 1:11-CV-07866-VM, that has been consolidated with other actions under the master case *DeAngelis v. Corzine*, 11-CV-07866-VM (the "Class Action");

WHEREAS, AG Oncon, LLC; AG Ofcon, Ltd.; AQR Absolute Return Master Account, L.P.; AQR DELTA Master Account, L.P.; AQR Delta Sapphire Fund, L.P.; AQR Funds—AQR Diversified Arbitrage Fund; AQR Opportunistic Premium Offshore Fund L.P.; AQR UCITS Funds; CNH CA Master Account, L.P.; CNH Diversified Opportunities Master Account, L.P.; Lazard Asset Management LLC on behalf of certain of its managed accounts; Lazard Rathmore Master Fund, L.P.; HFR CA Lazard Rathmore Master Trust; American Physicians Assurance Company; CSAA Insurance Group; Lord Abbett Investment Trust – Lord Abbett Convertible

Fund; The Doctors Company Insurance Group; Pension, Hospitalization and Benefit Plan of the Electrical Industry – Pension Trust Account; Vermont Mutual Insurance Company; Suttonbrook Capital Portfolio LP; Suttonbrook Eureka Fund, LP; Prime Capital Master SPC-GOT WAT MAC Segregated Portfolio; Waterstone Offshore ER Fund, LTD; Waterstone MF Fund, Ltd.; and Waterstone Market Neutral Fund (collectively, "Plaintiffs") filed a complaint against Citigroup Global Markets Inc. ("Citigroup"); Deutsche Bank Securities Inc. ("Deutsche Bank"); Goldman, Sachs & Co. ("Goldman"); J.P. Morgan Securities LLC ("J.P. Morgan"); Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill"); RBS Securities Inc. ("RBS"); and Sandler O'Neill & Partners, L.P. ("Sandler," and with Citigroup, Deutsche Bank, Goldman, J.P. Morgan, Merrill, and RBS collectively, the "Settling Underwriter Defendants," and together with Plaintiffs, the "Settling Parties"), as well as certain Non-Settling Defendants,[1] in the above-captioned action (the "Action") on January 23, 2014;

WHEREAS, on February 4, 2014, the Court entered an order consolidating the Action with the Class Action for all pretrial purposes and closing the Action as a separate case;

WHEREAS, Plaintiffs filed an amended complaint on February 10, 2014, asserting claims against the Settling Underwriter Defendants that are substantially similar to the claims against the Settling Underwriter Defendants asserted in the Class Action;

WHEREAS, the parties to the Action have reached an agreement to settle the Action;

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 of the Settlement Agreement and Release (the "Settlement Agreement") between the Plaintiffs and Settling Underwriter Defendants dated November 25, 2014.

2

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      This Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties.

2.      This Judgment incorporates and makes a part hereof the Settlement Agreement (including its defined terms).

3.      All of the claims asserted against the Settling Underwriter Defendants in the Action by Plaintiffs are hereby dismissed with prejudice.

4.      Plaintiffs' claims against the Non-Settling Underwriter Defendants in this Action are hereby dismissed without prejudice, subject to the provision of Paragraph 10 of the Settlement Agreement.

5.      The Settling Parties shall bear their own costs and expenses.

6.      The Releases set forth in Paragraphs 3 and 4 of the Settlement Agreement, together with the definitions contained in Paragraph 1 of the Settlement Agreement, are expressly incorporated herein in all respects and shall be effective without further action by anyone as of the Effective Date.

7.      The Court hereby:  (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Settling Underwriter Defendants' Releasees, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Settling Underwriter Defendants' Releasees from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims,

3

third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

8.     Any final verdict or judgment:

   a.     obtained by or on behalf of the Plaintiffs arising out of the 1.875% or 3.375% Convertible Notes offerings against any person or entity subject to the Bar Order shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants as underwriters of such offerings for common damages arising out of those offerings; or (ii) the amount paid by or on behalf of the Settling Underwriter Defendants for common damages arising out of those offerings.

   b.     obtained by or on behalf of the Plaintiffs arising out of the 6.25% Senior Notes offering against any person or entity subject to the Bar Order shall be reduced by the greatest of: (i) an amount that corresponds to the percentage of responsibility of the Settling Underwriter Defendants as underwriters of that offering for common damages arising out of that offering; (ii) the amount paid by or on behalf of the Settling Underwriter Defendants for common damages arising out of the 6.25% Senior Notes offering; or (iii) the aggregate amount the Settling Underwriter Defendants that were underwriters of the 6.25% Senior Notes would have been required under the applicable agreements among the underwriters of the 6.25% Senior Notes to contribute to any judgment with respect to the 6.25% Senior Notes offering if not for the Bar Order, i.e., the percentage that corresponds to the percentage of the 6.25% Senior Notes offering that such Settling Underwriter Defendants committed to take down in that offering (including

4

any over allotment); provided, however, there shall be no reduction for any amounts such Settling Underwriter Defendants would be responsible to contribute under those agreements with respect solely to any and all costs or fees (including but not limited to attorneys' fees) incurred by or for which the underwriters of the 6.25% Senior Notes may otherwise become responsible that are related in any way to such judgment.

9.     If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of Plaintiffs and the Settling Underwriter Defendants, and the Settling Parties shall revert to their respective positions in the Action on April 24, 2014, as provided in the Settlement Agreement.

10.     There is no just reason to delay the entry of this Judgment as a final judgment in this Action as against the Settling Underwriter Defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.     Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Settling Underwriter Defendants.

SO ORDERED this _5th_ day of _January_, 201_5_.

The Honorable Victor Marrero
United States District Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE MF GLOBAL HOLDINGS LIMITED SECURITIES LITIGATION | : : : | No. 11-cv-7866 No. 12-md-2388 |
| *AG Oncon, LLC*, et al., | : : : | |
| Plaintiffs, | : : | |
| v. | : : | No. 14-cv-396 |
| *Corzine*, et al., Defendants. | : : : : | |

## THE SETTLING PARTIES' MEMORANDUM
## OF LAW IN SUPPORT OF THEIR JOINT MOTION

Plaintiffs[1] and the Settling Underwriter Defendants[2] (collectively, the "Settling Parties")

in the above-captioned action (the "*AG Oncon* Action") respectfully submit this memorandum of

law in support of their joint motion for entry of the Proposed Judgment: (1) dismissing certain

claims and defendants in the *AG Oncon* Action pursuant to Federal Rule of Civil Procedure 21;

(2) adopting the proposed bar order and judgment reduction provisions; and (3) rendering final

---

[1] "Plaintiffs" are: AG Oncon, LLC; AG Ofcon, Ltd.; AQR Absolute Return Master Account, L.P.; AQR DELTA Master Account, L.P.; AQR Delta Sapphire Fund, L.P.; AQR Funds—AQR Diversified Arbitrage Fund; AQR Opportunistic Premium Offshore Fund L.P.; AQR UCITS Funds; CNH CA Master Account, L.P.; CNH Diversified Opportunities Master Account, L.P.; Lazard Asset Management LLC on behalf of certain of its managed accounts; Lazard Rathmore Master Fund, L.P.; HFR CA Lazard Rathmore Master Trust; American Physicians Assurance Company; CSAA Insurance Group; Lord Abbett Investment Trust – Lord Abbett Convertible Fund; The Doctors Company Insurance Group; Pension, Hospitalization and Benefit Plan of the Electrical Industry – Pension Trust Account; Vermont Mutual Insurance Company; Suttonbrook Capital Portfolio LP; Suttonbrook Eureka Fund, LP; Prime Capital Master SPC-GOT WAT MAC Segregated Portfolio; Waterstone Offshore ER Fund, LTD; Waterstone MF Fund, Ltd.; and Waterstone Market Neutral Fund.

[2] The "Settling Underwriter Defendants" are: Citigroup Global Markets Inc.; Deutsche Bank Securities Inc.; Goldman, Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Incorporated; RBS Securities Inc.; and Sandler O'Neill & Partners, L.P.

judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to all claims against the Settling Underwriter Defendants.

## PRELIMINARY STATEMENT

On November 25, 2014, the Settling Parties executed a Settlement Agreement and Release (the "*AG Oncon* Settlement") resolving all claims against the Settling Underwriter Defendants in the *AG Oncon* Action. Simultaneous with the *AG Oncon* Settlement, the Settling Underwriter Defendants executed a settlement agreement with plaintiffs in the Securities Class Action (the "Underwriter Class Settlement").[3] While individual actions such as the *AG Oncon* Action typically may be settled without Court intervention, the Settling Parties respectfully submit that entry of the Proposed Judgment is necessary to effectuate the terms of both the *AG Oncon* Settlement and the Underwriter Class Settlement for two reasons.

First, the *AG Oncon* Settlement and the Underwriter Class Settlement are interrelated – it is a material term of each settlement agreement that each will become effective only upon the final dismissal of all claims against the Settling Underwriter Defendants in the other. Second, given that Plaintiffs will continue to pursue claims against other defendants, the Settling Underwriter Defendants will require protection against any potential claims for contribution or indemnity through an appropriate bar order (with corresponding judgment reduction provisions) as set forth in the Proposed Judgment.

## BACKGROUND

Beginning on November 3, 2011, multiple putative securities class action lawsuits were filed in this Court arising out of the bankruptcy of MF Global Holdings Limited. All of these

---

[3]  On December 11, 2014, Co-Lead Plaintiffs in the Securities Class Action filed a motion for preliminary approval of the Underwriter Class Settlement. *See* Dkt. Nos. 801 (notice of motion) & 802 (accompanying memorandum of law).

actions were consolidated into the putative class action styled *In re MF Global Holdings Limited Securities Litigation* (the "Securities Class Action"), and consolidated with other actions under the master case captioned *DeAngelis v. Corzine*, No. 11-cv-7866 (S.D.N.Y.).

On January 23, 2014, Plaintiffs filed a complaint in the *AG Oncon* Action, based on substantially the same allegations set forth in the Securities Class Action. On February 4, 2014, the *AG Oncon* Action was consolidated with the Securities Class Action for all pretrial purposes. Plaintiffs filed an amended complaint in the *AG Oncon* Action on February 10, 2014.

## DISCUSSION

As noted above, the *AG Oncon* Settlement and the Underwriter Class Settlement are inter-dependent. Neither one will be effective until the claims in the other are dismissed with prejudice against the Settling Underwriter Defendants. Thus, entry of the Proposed Judgment is necessary to ensure that the Underwriter Class Settlement can proceed.

Where "there are multiple parties, and all issues relating to the claims against the settling defendants have been resolved," a partial judgment pursuant to Rule 54(b) is appropriate. *Cromer Fin. Ltd. v. Berger*, No. 00-cv-2284, 2002 WL 31388721, at *2 (S.D.N.Y. Oct. 23, 2002). *Accord* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."). "There is no just reason to delay entering a partial judgment at this juncture; indeed, failing to do so could frustrate the goals of the negotiated settlement." *Cromer Fin. Ltd.*, 2002 WL 31388721 at *2.

3

While the *AG Oncon* Settlement contemplates dismissing the Settling Underwriter

Defendants from the *AG Oncon* Action,[4] the *AG Oncon* Action will continue against other Non-

Settling Defendants.[5] Thus, the Settling Underwriter Defendants could face potential

contribution or indemnity claims absent entry of a bar order prohibiting such claims. It is well

settled that "a district court may properly bar claims of nonsettling defendants against settling

defendants for contribution or indemnity." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 273 (2d

Cir. 2006). "[T]he potential harshness of a bar order is mitigated by a judgment credit provision

that protects a nonsettling party from paying damages exceeding its own liability." *Id.* at 274. In

short, entry of the Proposed Judgment containing a bar order and related judgment reduction

provisions is necessary to effectuate both the *AG Oncon* Settlement and the Underwriter Class

Settlement.

---

[4] Although voluntary dismissals are generally governed by Rule 41, Rule 41 speaks in terms of dismissal of "an action." Therefore, when a party "seeks dismissal only of certain defendants and not the entire case, the motion should be construed as a motion arising under Rule 21." *Integrity Electronics v. Garden State Distributors*, 2010 WL 5490913 (E.D.N.Y. Dec. 8, 2010). See Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). In any case, because the Settling Parties are moving the Court for an order of dismissal, the outcome is the same under either rule. *Cf. Altman v. Liberty Equities Corp.*, 54 F.R.D. 620, 623-24 (S.D.N.Y. 1972) ("Although there has been some confusion as to whether Rule 21 or 41 . . . would apply where (1) plaintiff seeks the dismissal of less than all of the defendants and (2) joint liability is a possibility . . . *it matter[s] not which Rule the court proceeded under* for the Federal Rules, as well as the rule of reason, place the matter squarely within the discretion of the court.") (emphasis added).

[5] The "Non-Settling Defendants" are the Non-Settling Underwriter Defendants and the Individual Defendants. The "Non-Settling Underwriter Defendants" are Jefferies & Company, Inc. as well as any Settling Underwriter Defendant which is converted into a Non-Settling Underwriter Defendant pursuant to the terms of the Settlement Agreement. The "Individual Defendants" are: Jon S. Corzine, J. Randy MacDonald, Henri J. Steenkamp, David P. Bolger, Eileen S. Fusco, David Gelber, Martin J. Glynn, Edward L. Goldberg, David I. Schamis, and Robert S. Sloan. The Settling Parties agreed to jointly seek the dismissal of all claims against the Non-Settling Underwriter Defendants without prejudice so that Plaintiffs may participate as members of the putative class in the Securities Class Action as against the Non-Settling Underwriter Defendants. The Settlement Agreement does not contemplate any motion to dismiss with respect to Plaintiffs' claims against the Individual Defendants.

4

## CONCLUSION

It is a material term of the Settling Parties' Settlement Agreement that the Court enter the

Proposed Judgment submitted herewith. The Proposed Judgment effects the dismissals

described above, *see* Proposed Judgment ¶¶ 3-4, contains the bar order and judgment reduction

provisions discussed above, *see id.* ¶¶ 7-8, and includes the certification pursuant to Rule 54(b),

*see id.* ¶ 10. The Proposed Judgment also is necessary to effect the Underwriter Class Settlement

that has been submitted to the Court for its preliminary approval. Based on the foregoing, the

Settling Parties respectfully request that the Court enter the Proposed Judgment.

Dated: New York, NY
December 23, 2014

**ROSS & ORENSTEIN LLC**

By: */s/ Jeff Ross*
    Jeff Ross (admitted *pro hac vice*)

222 South Ninth Street
Minneapolis, MN 55402
Telephone: (612) 436-9800
Facsimile: (612) 436-9819

*Counsel for Plaintiffs*

**GIBSON, DUNN & CRUTCHER LLP**

By: */s/ Mark A. Kirsch*
    Mark A. Kirsch
    Christopher M. Joralemon

200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Counsel for Settling Underwriter Defendants*