# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MF GLOBAL HOLDINGS LTD. INVESTMENT LITIGATION | Case No. 12-MD-2338 (VM) |
| JOSEPH DEANGELIS, et al.,<br><br>Plaintiffs<br><br>– against –<br><br>JON S. CORZINE, et al.,<br><br>Defendants. | Case No. 11-Civ-7866 (VM) |
| THIS DOCUMENT RELATES TO:<br><br>The Commodity Customer Class Action | |

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___10/18/16___
```

## FINAL JUDGMENT AND ORDER OF DISMISSAL

On the 16th day of September 2016, a hearing (the "Hearing") having been held before this Court to determine: (a) whether the terms and conditions of the Stipulation And Agreement Of Settlement (the "Settlement Agreement"), dated July 6, 2016, between (i) MF Global Assigned Assets, LLC ("MFGAA"), as assignee of certain claims of MF Global Inc. ("MFGI"); (ii) MF Global Holdings Ltd., as Plan Administrator and otherwise ("MFGH"); (iii) Nader Tavakoli, in his capacity as the Litigation Trustee of the MF Global Litigation Trust (the "Litigation Trustee" and, together with MFGI, MFGAA, and MFGH, the "MFG Plaintiffs"); (iv) the Customer Representatives; (v) Sapere CTA Fund, L.P. ("Sapere"); (vi) Jon S. Corzine, Bradley Abelow, Henri Steenkamp, David Dunne, Vinay Mahajan, and Edith O'Brien (the "Defendants"), are fair, reasonable, and adequate; and (b) whether judgment should be entered dismissing with prejudice the Released Claims held by Releasing Customer Parties against all Released Defendant Parties, Released MFG Parties, Released Insured Person Parties, Released Insurer Parties, and Released Sapere Parties.

Notice having been provided to the class of Customers certified by Order dated July 20, 2015 (the "Customer Class"), substantially in the form and manner approved by the Court in Paragraph 8 of the Order Granting Preliminary Approval of the Final Customer Settlement with the Individual Defendants, Approving the Proposed Notice to the Class, and Setting a Schedule for Final Approval, dated July 14, 2016, (ECF No. 1108) (the "Preliminary Approval Order"); and notice having been provided by the Defendants on July 18, 2016 to the appropriate state and federal authorities and the notice period required by 28 U.S.C. § 1715(d) having expired on October 17, 2016 without any objections or requests for hearings being received from any relevant authority; and the Court, having considered all matters submitted to it at the Hearing, along with all prior submissions by the parties to the Settlement Agreement, and otherwise having determined the fairness and reasonableness of the proposed settlement and release of the claims of the Customer Class members as set forth in the Settlement Agreement;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      For purposes of this Final Judgment and Order of Dismissal (the "Judgment and Order"), capitalized terms not defined herein shall have the meaning ascribed in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this action and over all parties to the Customer Class Action, and all members of the Customer Class.

3.      The Court hereby finds that the notice given to the Customer Class in accordance with Paragraph 7 of the Preliminary Approval Order was the best notice practicable under the circumstances. Said notice provided due and adequate notice of these proceedings and the matters addressed herein, including the proposed Settlement set forth in the Settlement agreement, to all members of the Customer Class entitled to such notice, and said notice fully

satisfied the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable laws and rules.

4.        Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement, including the terms set forth in the Settlement Agreement, as fair, reasonable and adequate, and in the best interests of the Customer Class. The Parties are authorized to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement, including but not limited to the Customer Class Distribution set forth in ¶ 7 therein.

5.        The Customer Class Action is hereby dismissed with prejudice.

6.        The releases set forth in paragraphs 18-29 of the Settlement Agreement (subject in all respects to Paragraph 27 thereof) are expressly incorporated herein and approved, and shall be effective as of the Effective Date.

7.        Upon the Effective Date, and subject to Paragraph 27 of the Settlement Agreement, the Releasing Customer Parties shall forever be barred, enjoined, and restrained from prosecuting in any forum any Released Claim against any of the Released MFG Parties, Released Defendant Parties, Released Insured Person Parties, Released Insurer Parties, or Released Sapere Parties, and their respective past, present and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, successors, and all of their respective officers, directors, partners, managing directors, employees, agents, contractors, attorneys, legal or other representatives, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, shareholders, advisors, and assigns.

8.      Notwithstanding anything to the contrary herein, including, without limitation, the preceding paragraphs 5-7, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement, this Judgment, the Bankruptcy Court Approval Order, the Sapere Judgment and Order of Dismissal, or the Litigation Trust Judgment And Order Of Dismissal. Furthermore, this Judgment shall in all respects be subject to Paragraph 27 of the Settlement Agreement and shall not be interpreted to alter the terms thereof in any manner whatsoever.

9.      Neither this Judgment nor the Settlement (including the Settlement Agreement or any of its terms, or any aspect of any of the negotiations, discussions and proceedings in connection with the negotiation of and/or efforts to consummate the Settlement): (a) shall be offered in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal other than as may be necessary to enforce the terms of this Judgment, the Settlement Agreement and/or any related judgments, orders, or agreements; (b) shall be described as, construed as, interpreted as or offered against any party as evidence of and/or deemed to be evidence of any presumption, concession or admission as to any liability, negligence, fault, wrongdoing on their part or the validity of any claim by any party or the merits of any of their defenses; or (c) shall be described as, construed as, interpreted as or offered against any party as evidence of any infirmity in the claims of any party, or as evidence that the damages recoverable from any party would not have exceeded the consideration paid under the Settlement.

10.      A separate order shall be entered regarding an award of attorneys' fees and reimbursement of costs and expenses. The entry or lack of entry of such order shall in no way affect the finality of this Judgment. Nothing in this Judgment shall be interpreted to alter or

restrict the rights of Customer Class Counsel to seek fees and/or expenses, or the rights of the MFG Plaintiffs to object, oppose, appeal, or otherwise contest such fees and/or expenses, as provided in the Settlement Agreement, including, without limitation, paragraph 14 thereof.

11.     The Court finds that during the course of the Customer Class Action, the parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

12.     The Settlement Fund, as defined and provided for in the Settlement Agreement, is approved.

13.     In the event that the Settlement Agreement terminates according to its terms prior to the Effective Date, this Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered and releases given in connection herewith shall be null and void nunc pro tunc, and the Parties will be deemed to have reverted to their respective status as of December 23, 2015.

14.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement or the Settlement Agreement.

15.     Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (i) the administration and consummation of the Settlement; (ii) the entry of orders relating to matters addressed in the Settlement Agreement; and (iii) the disposition, administration, and distribution of the Customer Class Distribution.

16.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

18 October 2016
DATE                    VICTOR MARRERO, U.S.D.J.

- 5 -



# ENTWISTLE & CAPPUCCI

Entwistle & Cappucci LLP
299 Park Avenue
20th Floor
New York, NY 10171

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

October 17, 2016

## VIA HAND DELIVERY

The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street, Room 11B
New York, New York 10007-1312

      Re:   *In re MF Global Holdings Ltd. Investment Litigation,* No. 12-md-02338-VM
              (*DeAngelis v. Corzine, et al.*, No. 11-cv-07866-VM)

Dear Judge Marrero:

      We are Customer Counsel in the Customer Class Action portion of the above-referenced litigation.

      During the September 16, 2016 hearing on Customer Counsel's motion for final approval of the settlement of the Customer Class Action, the Court granted such approval effective as of the end of the 90-day notice period in the Class Action Fairness Act (28 U.S.C. § 1715). The notice period expired on October 16, 2016. Accordingly, Customer Counsel respectfully request that the Court enter the enclosed [Proposed] Final Judgment and Order of Dismissal of the Customer Class Action.

      The [Proposed] Final Judgment and Order of Dismissal has been transmitted to the Orders and Judgments Clerk.

                                Respectfully submitted,

                                Joshua Porter

cc:    Counsel for the MFG Plaintiffs and Individual Defendants (via email)